## BEEKMAN, SON, AND GOLD, v. ISAAC TOMLINSON AND RUSSEL TOMLINSON.

A judgment of confiscation, and proceedings thereon, does not bar the recovery of any debt not exhibited to the commissioners.

ACTION — Book debt. Plea — That the defendants were prosecuted by the selectmen of the town of Woodbury, in Litchfield county, for having put themselves under the pro-

tection of the enemies of the United States; and that their whole estate was confiscated, and adjudged to be forfeited, to the use and benefit of the state of Connecticut: That an administrator, and commissioners, were appointed, to administer and settle their estate, who duly advertised their appointment in the public papers, and requested all creditors to exhibit their claims of debt against the defendants.   And said administrator proceeded to the complete settlement of their estates, which was found to be sufficient to pay all the claims exhibited to said commissioners, and all charges thereon; and also, there was a surplus remained, more than sufficient to pay and satisfy the plaintiffs' debt and demand, and all other just demands against the defendants; and that the claim of the plaintiffs being founded upon a contract antecedent to said judgment of confiscation, ought to have been exhibited in due and legal manner against the administrator of the estates of the defendants, and cannot now be supported against them.

Replication.— That the plaintiffs were inhabitants of the state of New York, and had no knowledge of the proceedings against the defendants' estate, until the whole was finished; and that they had no opportunity to exhibit their claim.

To this there was a demurrer, and joinder in demurrer — and judgment for the plaintiffs.


By the COURT.   That the defendants committed treason, and thereby incurred a forfeiture of their estate to the public, gives them no claim to the discharge of their debts, nor had any effect to dissolve their contracts.   Marks v. Johnson, *ante*, 228.   And the provision under the act of confiscation, for letting in creditors upon the estate forfeited to the public, was in favor to the creditors, and intended solely for their

benefit, that they might not lose their debts:    But their waiving the benefit of that provision, does not, by the words, or any implication of the act, bar their right of recovery against the person of the debtors, or the estate they might afterwards acquire, or had at the time of confiscation, either in this state or elsewhere.